# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE ABRAHAM, <br><br> Plaintiff, <br><br> v. <br><br> COMMUNITY ALTERNATIVES UNLIMITED, <br><br> Defendant. | CIVIL ACTION NO.: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1343, 1441(a), and 1446, Defendant Community Alternatives Unlimited ("**CAU**" or "**Defendant**"), by and through its attorneys Epstein Becker & Green, P.C., hereby removes Civil Action No. 2018-CH-02497 from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division on the following grounds:

## THE STATE COURT ACTION

1.  On February 23, 2018, Plaintiff Michelle Abraham ("**Abraham**") filed a Complaint against CAU (the "**Original Complaint**") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division in the case styled as *Michelle Abraham v. Community Alternatives Unlimited*, Case No. 2018-CH-02497 (the "**State Court Action**"). The Original Complaint alleged a single count of unlawful retaliation under the Illinois Human Rights Act, 775 ILCS 5/1-

101 *et seq.* A true and accurate copy of the Alias Summons and Original Complaint is attached hereto as Composite Exhibit A, Bates Stamp No. CAU Removal 000001-000015; 000019.[1]

2. On May 10, 2018, CAU moved to dismiss Plaintiff's Original Complaint pursuant to Section 2-619 of the Illinois Code of Civil Procedure, for failure to exhaust administrative remedies, lack of jurisdiction, and failure to serve the summons and complaint within the limitations period. (*See* Composite Exhibit A, Bates Stamp No. CAU Removal 000020-000051). The Circuit Court initially denied CAU's motion to dismiss on August 18, 2021. (*See* Composite Exhibit A, Bates Stamp No. CAU Removal 000166-000174).

3. On September 17, 2021, CAU filed a Motion to Reconsider the denial of its motion to dismiss. (*See* Composite Exhibit A, Bates Stamp No. CAU Removal 000175-000270). Following briefing and oral argument, the Circuit Court granted CAU's Motion to Reconsider and dismissed Plaintiff's Original Complaint with prejudice on February 9, 2022. (*See* Composite Exhibit A, Bates Stamp No. CAU Removal 000357-000358).

4. On February 9, 2022, Plaintiff filed a Motion for Leave to Amend the Original Complaint to state a new claim of retaliation under 42 U.S.C. § 1981. (*See* Composite Exhibit A, Bates Stamp No. CAU Removal 000359-000366). Following briefing and oral argument, the Circuit Court granted Plaintiff's Motion for Leave to Amend on June 27, 2022 and ordered Plaintiff to file her Amended Complaint by July 11, 2022. (*See* Composite Exhibit A, Bates Stamp No. CAU Removal 000608-000609).

5. On July 11, 2022, Plaintiff filed her Amended Complaint against CAU in the State Court Action asserting a claim of retaliation under 42 U.S.C. § 1981 (the "**Amended Complaint**").

---

[1] Though Plaintiff issued a Summons with her Original Complaint on February 23, 2018 (*see* Composite Exhibit A, CAU Removal 000015), Defendant did not receive the Original Complaint until April 12, 2018, following the issuance of an Alias Summons on March 23, 2018 (*see* Composite Exhibit A, CAU Removal 000019).

(*See* Composite Exhibit A, Bates Stamp No. CAU Removal 000610-000628). CAU received a copy of the Amended Complaint that same day.

6. The State Court Action is currently pending before The Honorable Judge Anna M. Loftus. In compliance with 28 U.S.C. § 1446(a), CAU is providing this Court with a true and accurate "copy of all process, pleadings, and orders" served upon CAU prior to filing this Notice of Removal. (*See* Composite Exhibit A, Bates Stamp No. CAU Removal 000001-000639).

## BASIS FOR REMOVAL

7. The United States Supreme Court has held that under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).

8. This Court has original jurisdiction over the State Court Action because the Amended Complaint raises a federal question. Specifically, in the State Court Action, Plaintiff seeks affirmative relief through one count of unlawful retaliation in violation of 42 U.S.C. § 1981, invoking federal jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343.

9. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. In addition, 28 U.S.C. § 1343(a)(4) provides that "[t]he district courts shall have original jurisdiction of any civil action . . . commenced by any person…[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . ." 42 U.S.C. § 1981 is a federal civil rights statute granting all persons "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

10. Accordingly, this Court has original jurisdiction over Plaintiff's 42 U.S.C. § 1981 claim which is a federal cause of action falling squarely under federal statutory and constitutional law.

## VENUE

11. The State Court Action is currently pending in the Circuit Court of Cook County, Chancery Division. (*See* Composite Exhibit A.) 28 U.S.C. § 1441(a) provides that ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."

12. The United States District Court for the Northern District of Illinois, Eastern Division, is the appropriate federal judicial district court with jurisdiction over federal matters arising in Cook County, Illinois where the State Court Action is pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

## TIMELINESS OF REMOVAL

13. Plaintiff first asserted her 42 U.S.C. § 1981 claim against CAU in her Amended Complaint, filed on July 11, 2022. (*See* Composite Exhibit A, Bates Stamp No. CAU Removal 000610-000628). CAU received a copy of the Amended Complaint that same day.

14. As required under Fed. R. Civ. P. 6(a) and 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days after the Circuit Court granted Plaintiff's Motion for Leave to Amend (June 27, 2022) and within 30 days after CAU first received Plaintiff's Amended Complaint (July 11, 2022). *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (explaining that in a case in which the original complaint does not disclose a ground for removal, an amended complaint first becomes removable upon the state judge granting the plaintiff's motion

to amend the original complaint to add federal claims); *see also H. v. Pfizer Inc.*, No. 16 C 302, 2016 WL 1247480, at *2 (N.D. Ill. Mar. 30, 2016) (explaining that "[u]ntil leave is granted to file an amended complaint, [the proposed amended complaint] has no legal effect," and finding defendant's notice of removal based upon an unfiled proposed amended complaint to be premature and untimely); *Bezy v. Floyd County Plan Com'n*, 199 F.R.D. 308, 313 (S.D. Ind. 2001) (holding that the 30-day removal period is not triggered "[u]ntil the amended complaint, containing properly pled federal claims, was *filed*...") (emphasis added).

15. CAU has not previously sought to remove the State Court Action. By filing this Notice, CAU does not (1) waive any defenses which may be available to it or (2) admit any of the allegations in the Amended Complaint.

16. Pursuant to Fed. R. Civ. P. 81(c)(2)(A), the time for CAU to answer or otherwise respond to the Amended Complaint has not expired. CAU's deadline to answer or otherwise respond to Plaintiff's Amended Complaint in the State Court Action is August 1, 2022.[2]

## SERVICE ON PLAINTIFF

17. CAU will serve written notice of this Notice of Removal upon Plaintiff, as required by 28 U.S.C. § 1446(d), by serving a copy of the Notice of Removal on Plaintiff's counsel of record for this case in accordance with the appended Certificate of Service.

18. CAU will also promptly file this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

---

[2] Notwithstanding the responsive pleading deadlines dictated by the Federal Rules of Civil Procedure, the Circuit Court ordered CAU to "answer or otherwise plead to the amended complaint on or before August 8, 2022 . . ." (*See* Composite Exhibit A, Bates Stamp No. CAU Removal 000608).

5

**CONCLUSION**

19.    Based on the foregoing, CAU has satisfied the prerequisites for removal under 28 U.S.C. § 1446.  This Court has original jurisdiction over claims arising under 42 U.S.C. § 1981 and this Notice of Removal was timely filed with the appropriate District Court. As such, Plaintiff has no grounds to oppose this Notice of Removal.  If any question arises as to the propriety of this removal, CAU respectfully requests the opportunity to file a memorandum of law and present oral argument in support of CAU's position that the State Court Action is removable to this Court.

WHEREFORE, Defendant Community Alternatives Unlimited respectfully removes the State Court Action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: July 19, 2022

Respectfully submitted,

**COMMUNITY ALTERNATIVES UNLIMITED**

By: /s/ Peter Steinmeyer
Peter A. Steinmeyer (Bar No. 6211874)
Amardeep K. Bharj (Bar No. 6331093)
Brenna R. McLean (Bar No. 6327305)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 3250
Chicago, IL 60606
Telephone:    312.499.1400
Facsimile:    312.845.1998
psteinmeyer@ebglaw.com
abharj@ebglaw.com
brmclean@ebglaw.com

*Counsel for Community Alternatives Unlimited*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused to be filed and that he served a true and correct copy of the foregoing **Notice of Removal** on the following counsel for Plaintiff via electronic mail and FedEx overnight mail on July 19, 2022.

Ruth I. Major<br>
LAW OFFICES OF RUTH I. MAJOR, P.C.<br>
77 W. Wacker Drive, Suite 4500<br>
Chicago, Illinois 60601<br>
(rmajor@major-law.com)

                                                  /s/ Peter A. Steinmeyer