IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE ABRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   22 C 3733 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| COMMUNITY ALTERNATIVES UNLIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

On February 23, 2018, plaintiff Michelle Abraham sued her former employer, defendant Community Alternatives Unlimited, in the Circuit Court of Cook County, Illinois, alleging a single count of unlawful retaliation for "reporting racial, gender, and sexual orientation discrimination in [the] workplace, in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 <u>et seq.</u>"   The original complaint alleged that immediately after informing defendant of hearing discriminatory comments by her boss, defendant placed plaintiff on a Performance Improvement Plan ("PIP") and subjected her to increased scrutiny and harassment even after successfully completing the PIP.

Defendant moved to dismiss the complaint for failure to exhaust administrative remedies, lack of jurisdiction and failure to timely serve the summons.   The state court initially denied the motion, but later, on February 9, 2022, granted defendant's motion for reconsideration and dismissed the complaint with prejudice, holding that because plaintiff had failed to timely notify the Illinois department of Human Rights ("IDHR") that the EEOC had issued a Right to Sue Notice on plaintiff's cross-filed charge, plaintiff "failed to exhaust her administrative remedies under the Illinois Human Rights Act and the Court lacked jurisdiction over [her Complaint]."

That same day, plaintiff moved to amend the complaint to add a claim for retaliation under 42 U.S.C. §1981. After briefing and argument, on June 27, 2022, the state court granted plaintiff's motion and granted her leave to revise the proposed amended complaint to address certain pleading deficiencies identified by defendant. Plaintiff filed her amended complaint on July 11, 2022, alleging retaliation under §1981 for opposing racial and national origin discrimination. Defendant removed the case to this court, and then moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons described below, that motion is denied.

## BACKGROUND

Defendant is a non-profit organization that provides critical services to individuals with disabilities. It assists such individuals and their families by locating and procuring necessary and often life-saving medical and social services needed on a daily basis. Plaintiff began working for defendant in November 1999 as a Case Manager. After a series of transfers and promotions, plaintiff began working as a Program Manager in defendant's Home Based Services Department ("HBS"), reporting to Director Jennifer Rutka.

Plaintiff claims that during her time as a Program Manager in HBS, she began to hear racially discriminatory comments from her co-workers and from Rutka, whom plaintiff describes as known for being rude. She alleges that during this time period Joanell Voigt, the Chief Executive Officer, was known for denying African American Employees the opportunity to telecommute, while offering that option to non-African Americans, even if the African American employees had seniority. Plaintiff made no complaint to anyone about what she heard or what she observed with respect to telecommuting options.

On March 17, 2016, HR Director Biermann told plaintiff that she was due for a training session. According to plaintiff that session consisted solely of Biermann asking plaintiff questions about HBS. Plaintiff shared with Biermann the inappropriate and discriminatory language used by Rutka. She also shared her concern that non-white employees were subject to different working conditions, such as not being offered to work remotely. She claims she told Bierman about Rutka's racially discriminatory comments, such as stating that "Mexicans start fires because they heat tortillas up over a fire." Plaintiff also reported that her direct manager, Ms. Russo, came into plaintiff's office to investigate the work of Candace White, an African American employee, apparently looking for evidence that White was falsifying records. Plaintiff was White's supervisor and had not seen any evidence of such activity. Plaintiff felt she was being asked to "find something" on White. Plaintiff had never been asked to engage in such conduct with respect to her white subordinates. When she refused, Russo removed plaintiff as White's manager.

Four days later, plaintiff was called into a meeting with Rutka, Russo, and Biermann. Rutka informed plaintiff that she was being place on a PIP, and then asked plaintiff if she was going to resign, saying she did not want to waste time on a PIP if plaintiff was going to quit in two weeks. In this meeting plaintiff claims to have been subjected to harsh criticisms about her work that she had never heard before, and questioned the requirements of the PIP, which deviated from defendant's standard operating procedure that plaintiff had been following for years. Plaintiff successfully completed the PIP in June 2016. She was then told that she would not receive an expected raise due to the PIP, leading to her resignation in December 2016.

3

## DISCUSSION

Defendant has moved under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim.   Such a motion challenges the sufficiency of the complaint, not its merits.   Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible.   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Iqbal, 556 U.S. at 678.

Plaintiff brings a retaliation claim under 42 U.S.C. § 1981, which provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, to be parties, give evidence, and to the full and equal benefit of all laws and proceeding for the security of persons and property as is enjoyed by White citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other.

The Supreme Court has held that § 1981 encompasses retaliation claims.   CBOCS West, Inc. v. Humphries, 553 U.S. 442, 446 (2008).   Defendant argues that CBOCS holds that to state a   § 1981 retaliation claim plaintiff must allege that she: 1) suffered an adverse employment action for; 2) helping a person who suffered; 3) direct racial discrimination; 4) secure rights guaranteed under § 1981.   Id. at 452.   But defendant reads too much into CBOCS, which held only that §1981 encompasses retaliation claims and that a cognizable §1981 claim includes a claim by an individual who allegedly suffers retaliation for having tried to help another.   In fact, courts apply

4

the same standards to §1981 retaliation claims as are applied to Title VII retaliation claims, which requires that plaintiff allege that she engaged in statutorily protected activity and suffered an adverse employment action.   Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1029 (7th Cir 2013) (at pleading stage a Title VII plaintiff need allege only these two elements of a retaliation claim); Mintz v. Caterpiller, Inc., 788 F.3d 673, 679 (7th Cir. 2015) (courts apply same standards to Title VII and § 1981 retaliation claims).

Defendants argue that the complaint fails to allege that plaintiff engaged in protected activity because she never notified anyone at defendant that Rutka's comments were racially discriminatory toward African Americans.   But plaintiff specifically alleges that she told Biermann about African Americans not being allowed to telecommute, that Rutka made racially discriminatory comments, and that plaintiff was constructively discharged for reporting discrimination on the basis of race against African American employees and others.   Although the complaint is unnecessarily verbose and repetitive, the court rejects defendant's argument that plaintiff failed to allege that she engaged in protected activity.

Defendant argues that denying telecommuting benefits is not an adverse action, and thus cannot constitute direct racial discrimination.   Even if true, as plaintiff points out, a plaintiff in a retaliation claim need not establish the elements of an actionable discrimination claim or have opposed an action that in fact violated § 1981.   Instead, the standard is whether plaintiff had a good faith and reasonable belief that what she was reporting was unlawful discrimination.   Fine v. Ryan International Airlines, 305 F.3d 746, 752 (7th Cir. 2002).    The allegations of the complaint plausibly allege that she had such a belief.

Finally, defendant argues that plaintiff's claim based on her reporting national origin discrimination should be dismissed because it was raised for the first time in the amended complaint and is thus barred by the applicable four year statute of limitations.   See Johnson v. Johnson & Johnson, 67 F. Supp. 3d 1001, 1009 (N.D. Ill. 2014).   Under Fed. R. Civ. P. 15(c)(1)(B), an amendment to a pleading is considered filed on the date of the original pleading if it arises out of the same conduct, transaction or occurrence alleged in the original pleading.   In the instant case, plaintiff's original pleading alleged that she was retaliated against for reporting discriminatory statements and conduct.   Although the original complaint may not have specifically mention Rutka's statement about Mexicans, defendant was certainly put on notice of plaintiff's claims.   Consequently, the court denies defendant's motion to dismiss.

**CONCLUSION**

For the reasons discussed above, defendant' motion to dismiss [9] is denied.   Defendant is ordered to answer the amended complaint by November 14, 2022.   The parties are directed to file a joint status report using this court's form by November 21, 2022.

**ENTER:**

_Robert W. Gettleman_
**Robert W. Gettleman**
**United States District Judge**

**DATE:     October 17, 2022**